**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

HEATHER DOWIE,
        Appellant,

        v.

OFFICE OF PERSONNEL
   MANAGEMENT,
        Agency.

DOCKET NUMBER
DC-3443-21-0672-I-1

DATE: September 30, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Heather Dowie</u>, Washington, D.C., pro se.

<u>Elizabeth Ghauri</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction this appeal from a letter of reprimand. On petition for review, the appellant argues that the agency violated the applicable collective bargaining agreement by not counseling her prior to issuing the letter

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or allowing her to enter a rebuttal into her personnel file and raises an unspecified prohibited personnel practices claim. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The administrative judge found that the Board lacks jurisdiction over the appellant's letter of reprimand as an otherwise appealable action. Initial Appeal File (IAF), Tab 11, Initial Decision (ID) at 4. Accordingly, she concluded that the Board does not have jurisdiction over any claims of discrimination, prohibited personnel practices, or harmful error. ID at 4-5. To the extent the appellant was attempting to assert that the Board has jurisdiction over her claims as an individual right of action (IRA) appeal, the administrative judge found that the appellant failed to show that she exhausted her administrative remedy before the Office of Special Counsel (OSC), which is a jurisdictional prerequisite for an IRA appeal. ID at 2-3; *see Bishop v. Department of Agriculture*, 2022 MSPB 28, ¶ 9.

¶3 The appellant presents new argument and evidence on review. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the*

*Army*, [123 M.S.P.R. 245](), ¶ 6 (2016). However, we have considered the appellant's arguments and evidence to the extent they impact the Board's jurisdiction, which is always before the Board and can be raised by the parties or sua sponte by the Board at any time. *Ney v. Department of Commerce*, [115 M.S.P.R. 204](), ¶ 7 (2010). As discussed below, we find that the appellant has not provided a basis for granting review.

¶4      For the first time on review, the appellant submits a copy of her written discovery requests to the agency, dated before the initial decision, which she states the agency ignored. Petition for Review (PFR) File, Tab 1 at 3-4, 98-106.[2] She argues that the administrative judge denied her "the ability to submit" any resulting evidence. PFR File, Tab 1 at 3-4. In an acknowledgment order, the administrative judge advised the parties that they could engage in discovery and of the deadlines for doing so. IAF, Tab 2 at 3-4. She also generally indicated that parties could request extensions "for good cause shown." *Id.* at 5. Two weeks later, the administrative judge ordered the appellant to submit evidence and argument showing the Board has jurisdiction over her appeal. IAF, Tab 5 at 2. She further stated that if the appellant failed to respond or make a nonfrivolous allegation of jurisdiction, the administrative judge would dismiss the appeal. *Id.*

¶5      An appellant is entitled to request discovery of relevant materials to assist her in meeting her burden of establishing Board jurisdiction. *See Russo v. Department of the Navy*, [85 M.S.P.R. 12](), ¶ 8 (1999). The jurisdictional order and the appellant's response to that order predated the deadline for the appellant to file a motion to compel. PFR File, Tab 1 at 98-100; *see* [5 C.F.R.]()

---

[2] The appellant submits with her petition for review a copy of the initial decision and her response to the administrative judge's jurisdictional order, including attachments. PFR File, Tab 1 at 9-97. Copies of the initial decision and the appellant's response to the order are already part of the record, and therefore the documents do not constitute new evidence. IAF, Tabs 9, 11; *see Moore v. Department of Transportation*, [64 M.S.P.R. 298](), 301 (1994). Nonetheless, as discussed below, we have considered the appellant's jurisdictional response and the initial decision in connection with the question of our jurisdiction over this appeal.

§ 1201.73(d)(2)-(3) (providing that a party must respond to a discovery request within 20 days of service and that a motion to compel generally must be filed within the following 10 days).  The parties are expected to start and complete discovery with minimal intervention from the Board.  *McClenning v. Department of the Army*, 2022 MSPB 3, ¶ 19.  Given the clear notice from the administrative judge that the appeal might be dismissed for lack of jurisdiction and the information in the acknowledgment order advising the parties of the requirements for requesting an extension, it was incumbent on the appellant to inform the administrative judge that she wished to receive the agency's discovery responses before addressing the jurisdictional issue.  *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005) (concluding that an appellant was precluded from raising the agency's failure to respond to discovery on review when he failed to file a motion to compel below), *aff'd*, 167 F. App'x 217 (Fed Cir. 2006).  Because the appellant did not seek an extension to complete discovery below, we decline to consider this issue for the first time on review.

¶6        Further, even assuming the administrative judge erred in the procedures leading up her dismissal of the appeal, her alleged error would not warrant reversing the initial decision.  An administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights.  *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981).  The appellant's discovery requests sought information and documents concerning her disagreement with the letter of reprimand, her allegations of agency error in issuing the reprimand, and what appear to be her alleged disclosures.  PFR File, Tab 1 at 101-06.  The administrative judge found the appellant failed to establish jurisdiction over her reprimand as an otherwise appealable action.  ID at 4.  The administrative judge also found that the appellant failed to establish IRA jurisdiction because she did not exhaust her OSC remedy.  ID at 2-3.  The appellant's discovery did not concern these matters; therefore, she

has failed to demonstrate how the administrative judge's alleged error would prevent dismissal of her appeal.

¶7    The appellant also seems to suggest that the administrative judge denied her due process by not permitting her a hearing.  PFR File, Tab 1 at 3-4.  We disagree.  An appellant generally is entitled to a hearing on the jurisdictional issue in an adverse action appeal when she makes allegations of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter in issue.  *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 22 (2016).  In an IRA appeal, an appellant is not entitled to a jurisdictional hearing but is entitled to a hearing on the merits if, as relevant here, she proves she exhausted her OSC remedy.  *Id.*, ¶ 22.  As the administrative judge correctly found, a letter of reprimand is not an adverse action over which the Board has chapter 75 jurisdiction.  5 U.S.C. § 7512; ID at 4-5.  The administrative judge also properly concluded that the appellant failed to establish Board jurisdiction because she did not prove exhaustion of her OSC remedy.  ID at 2-3; IAF, Tab 1 at 4, Tab 9 at 9; PFR File, Tab 1 at 8.

¶8    Accordingly, the appellant's new evidence and argument on review do not provide a basis to disturb the administrative judge's findings, and we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.