# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STEVEN A. MCKINNIS,
           Appellant,

        v.

DEPARTMENT OF THE INTERIOR,
           Agency.

DOCKET NUMBER
DA-1221-18-0200-W-1

DATE: September 7, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Susan L. Kruger</u>, Esquire, Washington, D.C., for the appellant.

<u>Conor Cleary</u>, Tulsa, Oklahoma, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]
Member Leavitt recused himself and
did not participate in the adjudication of this appeal.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Whistleblower Protection Act. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED with respect to the issues of protected activity, contributing factor, and the agency's affirmative defense, as set forth in ¶¶ 6-15 below, we AFFIRM the initial decision.

**BACKGROUND**

¶2    The appellant was a GS-12 Auditor for the agency's Office of Natural Resources Revenue. *McKinnis v. Department of the Interior*, MSPB Docket No. DA-0432-18-0199-I-1, Initial Appeal File (0199 IAF), Tab 1 at 1, 9.[3] The appellant's major job duties entailed conducting audits and compliance reviews of

---

[3] The instant appeal was joined, for a time, with *McKinnis v. Department of the Interior*, MSPB Docket No. DA-0432-18-0199-I-1, which was the lead case in the joinder. *McKinnis v. Department of the Interior*, MSPB Docket No. DA-1221-18-0220-W-1, Initial Appeal File, Tab 9. Much of the evidence pertinent to the instant individual right of action appeal is contained in that case file.

oil and gas leases on Federal and Indian lands to ensure the proper payment of royalties. Hearing Recording (HR), Track 1 at 12:40 (testimony of the appellant). The appellant filed an individual right of action (IRA) appeal, claiming that the agency took multiple personnel actions against him in retaliation for several protected disclosures. *McKinnis v. Department of the Interior*, MSPB Docket No. DA-1221-18-0220-W-1, Initial Appeal File (0200 IAF), Tab 1, Tab 6 at 4-7.

¶3      After a hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action on the merits. 0200 IAF, Tab 16, Initial Decision (ID). She found that several of the appellant's claimed disclosures were not protected, and that the remaining disclosures were either not contributing factors in the claimed personnel actions or that the agency proved by clear and convincing evidence that it would have taken the same actions notwithstanding the disclosures. ID at 7-26. The appellant has filed a petition for review, disputing the administrative judge's analysis of the agency's affirmative defense with respect to two of the personnel actions at issue: his placement on a performance improvement plan (PIP) and the removal.[4]  Petition for Review (PFR) File, Tab 1 at 5-9. The agency has filed a response. PFR File, Tab 3.

## ANALYSIS

¶4      In the merits phase of an IRA appeal, the appellant has the burden of proving by preponderant evidence that he engaged in protected activity described under 5 U.S.C. § 2302(b)(8) or (b)(9)(A)(i), (B), (C), or (D), and that this activity was a contributing factor in a personnel action as described under 5 U.S.C. § 2302(a)(2)(A). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). If the appellant meets his burden, the Board will order corrective action

---

[4] Also at issue in this appeal were a letter of warning, a grievance decision, a denial of telework, and a 14-day suspension. ID at 12. The appellant does not challenge the administrative judge's findings concerning these personnel actions, and we therefore do not address these issues on review. *See Blackhat v. Department of Health and Human Services*, 117 M.S.P.R. 552, ¶ 3 n.2 (2012); 5 C.F.R. § 1201.115.

unless the agency proves by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected activity. 5 U.S.C. § 1221(e); *Salerno*, 123 M.S.P.R. 230, ¶ 5. However, the Board may only address the agency's affirmative defense after the appellant has proven his case in chief. *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 28 (2016). For the reasons set forth below, we find that the appellant has not proven his case.

¶5      The administrative judge addressed the following alleged protected activity in her initial decision:  (1) complaints to the agency's Office of Inspector General and the Federal Labor Relations Authority, ID at 7-9; (2) disclosures during a grievance regarding the agency's alleged violation of travel regulations and the Family and Medical Leave Act (FMLA), ID at 9; (3) disclosures regarding the agency's alleged violation of its leave policy, ID at 10; and (4) equal employment opportunity (EEO) complaints and participation in an administrative investigation, ID at 10-11. The administrative judge found that the appellant only proved with respect to activities (2) and (4) that he engaged in protected activity that was exhausted before the Office of Special Counsel. ID at 7-11. She also found that this protected activity was a contributing factor in the PIP and the removal. ID at 12-15. Although neither party challenges these findings per se, under the particular circumstances of this case, we find it appropriate to assess them further. *See* 5 C.F.R. § 1201.115(e).

¶6      Regarding activity (2), the administrative judge found that the appellant filed a grievance on July 23, 2016, in which he disclosed that the agency violated FMLA and travel regulations. ID at 9; 0199 IAF, Tab 13 at 50-54. She further found that the appellant's beliefs in this regard were reasonable and therefore the disclosures made during the grievance were protected under 5 U.S.C. § 2302(b)(8). *Id.* However, it is well established that disclosures made solely in the context of a grievance are not protected under 5 U.S.C. § 2302(b)(8). *Serrao v. Merit Systems Protection Board*, 95 F.3d 1569, 1575-76 (Fed. Cir. 1996); *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 10 (2016). Nor is

there sufficient information for us to conclude that the appellant's grievance sought to remedy an alleged violation of 5 U.S.C. § 2302(b)(8), so as to be covered under 5 U.S.C. § 2302(b)(9)(A)(i).[5] 0199 IAF, Tab 13 at 50-54. We therefore find that the appellant's July 23, 2016 grievance was protected under 5 U.S.C. § 2302(b)(9)(A)(ii), and so cannot serve as the basis for an IRA appeal. *See Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 492, ¶ 8 (2016); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013).

¶7    Regarding activity (4), the administrative judge found that the appellant engaged in protected activity by filing multiple EEO complaints and participating in an administrative investigation concerning the working conditions in his office. ID at 10-11; 0199 IAF, Tab 8 at 11, Tab 12. Specifically, she found that the allegations of discrimination and hostile work environment in his EEO complaints and the disclosures that he made during the investigation concerning various forms of wrongdoing in the workplace constituted protected disclosures under 5 U.S.C. § 2302(b)(8). ID at 10-11. However, as discussed above in connection with the appellant's grievance, it is well settled that disclosures made solely in the context of an EEO complaint are not protected under 5 U.S.C. § 2302(b)(8). *Spruill v. Merit Systems Protection Board*, 978 F.2d 679, 690 (Fed. Cir. 1992); *Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 82 (2001). Rather, they are protected under 5 U.S.C. § 2302(b)(1) and (b)(9)(A)(ii). *See Mata v. Department of the Army*, 114 M.S.P.R. 6, ¶ 9 n.3 (2010). We therefore find that the appellant's EEO complaints and the disclosures contained therein cannot serve as the basis for an IRA appeal.[6] *See Fisher v. Department of Defense*, 52 M.S.P.R. 470, 474 (1992).

---

[5] In his grievance, the appellant surmised that the letter of reprimand that he was grieving "would appear to be as a result of something personal or in retaliation." 0199 IAF, Tab 13 at 54. However, he did not specify that he believed the letter of reprimand was in retaliation for whistleblowing.

[6] An EEO complaint may be protected under 5 U.S.C. § 2302(b)(9)(A)(i) if the complaint sought to remedy a violation of 5 U.S.C. § 2302(b)(8). *Bishop v. Department*

¶8     The appellant's participation in the administrative investigation, however, did not constitute the exercise of an appeal, complaint, or grievance right under 5 U.S.C. § 2302(b)(9)(A), and the disclosures that he made during that investigation are therefore not barred as a matter of law from constituting protected disclosures under 5 U.S.C. § 2302(b)(8). Further, the administrative judge found, and neither party disputes, that the appellant made protected disclosures during his March 8, 2017 investigative interview. ID at 10-11; 0199 IAF, Tab 12 at 9-12. For these reasons, we find that the only protected activity at issue in this IRA appeal is the appellant's March 8, 2017 disclosure, which was protected under 5 U.S.C. § 2302(b)(8)(A).[7]

¶9     As relevant here, in her contributing factor analysis, the administrative judge found that the deciding official in the appellant's removal had no actual knowledge of the appellant's protected activity. ID at 14-15. This finding is both undisputed and supported by the record. HR, Track 4 at 1:40, 3:30 (testimony of the deciding official). Nevertheless, the administrative judge found that the appellant's first-level supervisor, who placed the appellant on a PIP and proposed his removal "did not deny that she was aware the appellant participated in the internal investigation." ID at 15. Thus, the administrative judge found that the appellant established that his protected activity was a contributing factor in these

_of Agriculture_, 2022 MSPB 28, ¶¶ 15-16. There is no indication in this case that the appellant's EEO complaints, which he did not submit for the record, sought to remedy any violations of 5 U.S.C. § 2302(b)(8). _See_ 0199 IAF, Tab 8 at 11, Tab 22 at 5-6, Tab 31 at 4-5, 50-51, 80-83; 0200 IAF, Tab 6 at 127-34, 137-38.

[7] This activity might have been protected also under 5 U.S.C. § 2302(b)(9)(C) as a disclosure to an agency component responsible for internal investigation or review. The relevant portion of this provision, however, did not become law until December 12, 2017, postdating all personnel actions at issue in this appeal except for the removal decision itself. National Defense Authorization Act of 2018, Pub. L. No. 115-91 § 1097(c)(1), 131 Stat. 1283, 1618 (2017). That provision is not retroactive. _Edwards v. Department of Labor_, 2022 MSPB 9, ¶¶ 29-33. In any event, because the appellant's March 8, 2017 activity was protected under 5 U.S.C. § 2302(b)(8), we do not reach the issue of whether it was also protected under 5 U.S.C. § 2302(b)(9)(C).

personnel actions. ID at 15-16; *see Greenup v. Department of Agriculture*, [106 M.S.P.R. 202](), ¶ 11 (2007) (finding that contributing factor may be established by showing that an individual with actual knowledge of the protected disclosure influenced the personnel action, even if that individual did not personally affect the action).

¶10 However, based on our review of the hearing recording, we find that the first-level supervisor did deny that she was aware that the appellant participated in the internal investigation. She testified that she did not receive a copy of the investigative report and that she did not know the identity of anyone who participated in the investigation. HR, Track 5 at 1:37:00, 1:50:40 (testimony of the appellant's first-level supervisor). The initial decision makes no mention of this testimony, and it appears that the administrative judge overlooked it. We find that the first-level supervisor's unrebutted, unimpeached testimony, given under oath and credible on its face, is sufficient to establish that she did not, in fact, have any knowledge that the appellant engaged in protected activity by making disclosures to the agency investigator.[8] *See Aldridge v. Department of Agriculture*, [110 M.S.P.R. 21](), ¶ 9 (2008) ("Sworn statements that are not rebutted are competent evidence of the matters asserted therein."); *Hatcher v. Office of Personnel Management*, [39 M.S.P.R. 340](), 345 n.4 (1988) (finding that the appellant's sworn, unrebutted testimony constituted "the only evidence, and therefore preponderant evidence, of her claim"). Because the appellant did not

---

[8] Even if the first-level supervisor had not denied knowledge of the appellant's protected activity, we question whether this alone would have been enough to establish the contributing factor element. The burden is on the appellant to prove contributing factor; the burden is not on the agency to disprove it. *See McCarthy v. International Boundary and Water Commission*, [116 M.S.P.R. 594](), ¶ 39 (2011), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012).

The supervisor's testimony is consistent with the record evidence. She was not among the individuals copied on the report of investigation, and the investigator stressed in her report that the report itself should be disclosed on a need-to-know basis and only higher-level officials should be privy to the witness statements. 0199 IAF, Tab 12 at 4, 7-8.

prove that either his first-level supervisor or the deciding official in the removal had actual or constructive knowledge of his protected disclosure, he failed to prove that his disclosure was a contributing factor in either the PIP or the removal under the knowledge/timing test of 5 U.S.C. § 1221(e)(1). *See Powers v. Department of the Navy*, 97 M.S.P.R. 554, ¶ 21 (2004).

¶11 Nevertheless, the inquiry does not end there because the knowledge/timing test is only one way to prove contributing factor. *Powers v. Department of the Navy*, 69 M.S.P.R. 150, 156 (1995). We will now consider other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel actions, whether the whistleblowing was personally directed at the officials involved, and whether these individuals had a desire or motive to retaliate against the appellant. *Id.*

¶12 As explained in the initial decision, the agency had strong reasons for placing the appellant on a PIP and subsequently removing him for performance-based reasons. ID at 23-26. In order for the appellant to have been minimally successful under critical element 1, "Sustainably Manag[ing] Energy, Water, and Natural Resources," he would have had to complete the expected quantity of work through the specified stage throughout the fiscal year at least 51% of the time. 0199 IAF, Tab 9 at 61-63. However, at the time his supervisor placed him on the PIP, 9 months into the 2017 performance year, his timely completion rate was 0%. 0199 IAF, Tab 8 at 15, Tab 10 at 73-79. The appellant's timely completion rate during the 90-day PIP period was only 10%, for an aggregate timely completion rate of 3.9% for the 2017 performance year. 0199 IAF, Tab 8 at 15-16. We find that under these circumstances, whereby the appellant failed to achieve minimally successful performance in a critical element

by such a wide margin, the agency's evidence in support of its actions was strong.[9]

¶13    The appellant disputes these findings on review, arguing that he routinely received "superior" performance evaluations under previous supervisors, his supervisor in performance year 2017 failed to consider his collateral duties at the Diversity and Inclusion Leadership Council (DILC) under critical element 1 as his previous supervisor had done, his performance was similar to that of coworkers who were not placed on a PIP, and it was impossible for him to timely complete some of his work, both because of its nature and because of his supervisor's active obstruction.  PFR File, Tab 3 at 6-9.  We have considered these arguments, but we find them unpersuasive.  We find that the appellant's performance in prior years is not particularly probative of his performance during the time period at issue.  Nor are we persuaded by the appellant's argument that his DILC duties should have been considered under critical element 1.  Critical element 1 is based on a numerical standard for timely completion of Auditor work.  0199 IAF, Tab 9 at 61-63.  The appellant has not explained how his DILC duties should have affected the calculation under that standard.  Rather, it appears on its face that the supervisor's decision to consider the appellant's DILC duties under critical element 4 as support for a special project was more appropriate.  0199 IAF, Tab 9 at 74; HR, Track 5 at 47:40 (testimony of the appellant's

---

[9] After the initial decision in this case was issued, the United States Court of Appeals for the Federal Circuit issued *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355, 1361-63 (Fed. Cir. 2021), holding that, under 5 U.S.C. chapter 43, the agency bears the burden of proving that the appellant's performance was unsatisfactory not just during the PIP but also during the period leading up to the PIP.  In other words, the agency is required "to justify a challenged post-PIP-based removal by establishing the propriety of the PIP in the first instance."  *Id.* at 1361.  Likewise, an administrative judge is required to consider the issue of pre-PIP performance in connection with a claim that a chapter 43 adverse action was motivated by discrimination or retaliation.  *Santos*, 990 F.3d at 1362; *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 31 n.8.  We find that the initial decision in this appeal satisfies that requirement.  ID at 23-25.

first-level supervisor). Furthermore, although it may be true that the appellant, like two of his coworkers, completed only one compliance review during the relevant time period for which the subject company paid royalties, PFR File, Tab 1 at 7-8; 0199 IAF, Tab 31 at 63, there is no evidence of what, if any, bearing this might have had on the objective numerical calculation under critical element 1 for these two coworkers. Finally, even taking as true the appellant's explanations of why he was unable to complete certain portions of his assignments, we are unable to conclude that his performance in critical element 1 would have been minimally successful even in the absence of these difficulties. PFR File, Tab 1 at 8-9.

¶14    Regarding retaliatory motive, there is no indication that the appellant's disclosures during the investigation had any adverse consequences for either his first-level supervisor or the deciding official.[10] *See Runstrom v. Department of Veterans Affairs*, 123 M.S.P.R. 169, ¶ 17 (2016). Although the appellant's first-level supervisor would naturally have had some retaliatory motive to the extent that the appellant accused her of wrongdoing, PFR File, Tab 12 at 10-12; *Runstrom*, 123 M.S.P.R. 169, ¶ 17, again, there is no indication that the first-level supervisor or the deciding official were aware of the appellant's participation in the investigation, much less what he said during it. The appellant's arguments on petition for review focus on his first-level supervisor's retaliatory motive for his grievance, his EEO complaints, and unspecified "lawsuits." PFR File, Tab 1 at 9. However, as explained above, the only protected activity at issue in this appeal is the appellant's participation in the internal investigation. *Supra* ¶¶ 5-8. Considering all of the relevant evidence, we find that any retaliatory motive on the part of the officials involved in the PIP and the removal was slight at best,

---

[10] The report of investigation identified the appellant as one of the main sources of strife in the office. 0199 IAF, Tab 12 at 7-8. The investigator did recommend additional training for the appellant's first-level supervisor, but it appears that this was chiefly because of her troubles in handling some of the "difficult people" under her supervision. *Id.* at 12.

and we conclude that the appellant has not established that his protected activity was a contributing factor in either his PIP or his removal. *See Powers*, 97 M.S.P.R. 554, ¶ 22.

¶15 Where, as here, the appellant in an IRA appeal has failed to prove his case in chief, the inquiry stops there. The Board may not proceed to adjudicate the agency's affirmative defense. *Scoggins*, 123 M.S.P.R. 592, ¶ 28. We therefore vacate the administrative judge's findings with respect to this issue. ID at 16-26; *see Scoggins*, 123 M.S.P.R. 592, ¶ 28. Because the appellant's petition for review pertains solely to this issue, the arguments therein are immaterial to the outcome of the appeal, and there is no basis to grant the petition. *See* 5 C.F.R. § 1201.115.

## NOTICE OF APPEAL RIGHTS[11]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[11] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[12]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[12]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                   /s/ for

                                                 Jennifer Everling
                                                 Acting Clerk of the Board
Washington, D.C.