UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
2022 MSPB 28

Docket No. PH-1221-15-0535-W-1

**Paul Bishop,**

**Appellant,**

**v.**

**Department of Agriculture,**

**Agency.**

August 18, 2022

Paul Bishop, Hillsborough, New Jersey, pro se.

Bradly Siskind, Sarah S. Tuck and Zachary L. Wright,
Riverdale, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**OPINION AND ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in this individual right of action (IRA) appeal. For the reasons discussed below, we VACATE the initial decision and DISMISS the appeal for lack of jurisdiction.

BACKGROUND

¶2 In August and September 2014, the appellant applied for a GS-9/11 Entomologist (Identifier) position and for two GS-9/11 Plant Protection and Quarantine Officer (Plant Health Safeguarding Specialist) positions, but the

agency did not refer his applications to the selecting official. Initial Appeal File (IAF), Tab 31 at 20-48, Tab 58 at 4, 14, 22. On December 1, 2014, the appellant filed a formal equal employment opportunity (EEO) complaint alleging that the agency failed to refer him to the selecting official in retaliation for his prior EEO activity, including an April 26, 2013 formal EEO complaint against the agency and EEO activity against his former employer, the Department of Homeland Security (DHS).[1] IAF, Tab 12 at 6-7, 18-20, Tab 18 at 31-32, 46-48. In September 2015, the agency issued a final agency decision (FAD) finding no evidence of discrimination or retaliation based on his prior EEO activity. IAF, Tab 18 at 30-44.

¶3 On May 1, 2015, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging that the agency failed to appoint him on April 26, 2015,[2]

---

[1] From 2005 to 2007, the appellant held a term appointment under the Federal Career Intern Program at DHS. In 2007, DHS terminated him from his position for alleged misconduct, and he has since unsuccessfully challenged his termination in multiple appeals before the Board. *E.g.*, *Bishop v. Department of Homeland Security*, MSPB Docket No. NY-1221-17-0092-W-1, Initial Decision (Mar. 28, 2017); *Bishop v. Department of Homeland Security*, MSPB Docket No. NY-1221-15-0186-W-1, Final Order (Sept. 28, 2015); *Bishop v. Department of Homeland Security*, MSPB Docket No. NY-1221-09-0209-W-1, Final Order (Feb. 24, 2010); *Bishop v. Department of Homeland Security*, MSPB Docket No. NY-0752-08-0001-I-1, Initial Decision (Oct. 4, 2007). He also has unsuccessfully challenged his termination in other fora. *E.g.*, *Bishop v. Department of Homeland Security*, 648 F. App'x 180 (3d Cir. 2016) (affirming the district court's dismissal of the appellant's appeal for lack of jurisdiction and its injunction enjoining him from filing further appeals related to his termination); *Bishop v. Office of Personnel Management*, 514 F. App'x 104 (3d Cir. 2013) (per curiam) (affirming the district court's dismissal of the appellant's claims that DHS and the Office of Personnel Management violated the Freedom of Information Act in failing to produce documents that would show his termination was illegal and the Privacy Act in failing to "correct" purportedly inaccurate records that led to his termination); *Bishop v. Department of Homeland Security*, EEOC Appeal No. 0120090628, 2009 WL 742266 (Mar. 12, 2009) (finding no evidence of discrimination in connection with, among other things, the appellant's termination).

[2] It is unclear why the appellant indicated that the nonselections at issue occurred on April 26, 2015. IAF, Tab 9 at 9. The record reflects that the appellant initiated contact with an EEO Specialist on October 16, 2014, and filed a formal EEO complaint on

in retaliation for his "disclosures" to the agency's EEO office in April 2013, and on December 1, 2014. IAF, Tab 9 at 6-13. On August 13, 2015, OSC notified the appellant that it was terminating its inquiry into his allegation that the agency failed to select him for employment in reprisal for making disclosures of discrimination and informed him of his right to seek corrective action from the Board. IAF, Tab 1 at 14-15.

¶4    The appellant then filed the instant Board appeal, alleging, among other things, that the agency failed to select him in retaliation for his prior EEO activity at DHS.[3] *Id.* at 10-13. In addition, he alleged that his nonselection was the result of DHS's efforts to "black list" him from Federal employment in retaliation for his prior EEO activity by placing an unlawful promotion in his personnel folder, which serves as a "black list mechanism" recognized by civil service employees, including the agency hiring official who reviewed his application. *Id.* at 11-12.

¶5    In orders on jurisdiction, the administrative judge informed the appellant of the applicable law and his burden of proof to establish Board jurisdiction over his IRA appeal and specifically explained to him that disclosures of discrimination and retaliation claims are excluded from coverage under the Whistleblower Protection Act (WPA). IAF, Tabs 5, 13. In response, the appellant again alleged that the agency failed to refer his applications to the selecting official in retaliation for his prior EEO activity and because DHS had "black listed" him in

December 1, 2014, regarding the agency's failure to refer his applications in the identified nonselections to the selecting official. IAF, Tab 12 at 6-7, 18-20, Tab 18 at 31, 46-47. Thus, it is clear that the appellant was notified of his nonselection for the three positions at issue in this appeal on or before October 16, 2014.

[3] Before the agency issued the FAD finding no evidence of retaliation in connection with the appellant's nonselections, he filed an appeal with a Federal district court arguing that the agency's failure to select him was discriminatory and retaliatory. IAF, Tab 25 at 7-14. The administrative judge issued an order finding that the IRA appeal could proceed in parallel with the Federal district court appeal because an IRA action is not cognizable before the Federal district court and an EEO complaint is not cognizable before the Board. IAF, Tab 26.

retaliation for his EEO activity at DHS.[4]  IAF, Tab 9 at 2-3, Tab 12 at 2-3, Tab 15 at 2.  In an order and summary of a telephonic prehearing conference, the administrative judge interpreted and summarized the appellant's claims and again provided the appellant notice of his jurisdictional burden.  IAF, Tab 54.

¶6        After holding the appellant's requested hearing, the administrative judge issued an initial decision finding that the appellant made one protected disclosure when he disclosed in an EEO complaint to the agency's EEO office that DHS improperly gave him a step increase and a promotion on the same day, but that he failed to show that the disclosure was a contributing factor in the agency's decision not to select him for the three positions at issue.  IAF, Tab 63, Initial Decision (ID) at 13-19.  Thus, the administrative judge denied the appellant's request for corrective action.  ID at 20.

¶7        The appellant has filed a petition for review of the initial decision, the agency has responded in opposition, and the appellant has replied to the agency's response.  Petition for Review (PFR) File, Tabs 1, 3-4.

## ANALYSIS

The Board's determinations regarding its jurisdiction over IRA appeals are matters of civil service law, rule, or regulation.

¶8        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  As relevant here, the Board's jurisdiction over IRA appeals is derived from the WPA, Pub. L. No. 101-12, 103 Stat. 16, as amended by the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465.  *See Corthell v. Department*

---

[4] In support of his contention that DHS improperly promoted him, the appellant submitted Standard Form 50s showing that he was awarded a within-grade increase from GS-9, step 1, to GS-9, step 2, and a promotion from his GS-9 Agricultural Specialist position to a GS-11 Agricultural Specialist position on September 3, 2006. IAF, Tab 12 at 25, 27.

*of Homeland Security*, 123 M.S.P.R. 417, ¶ 7 (2016).  Specifically, 5 U.S.C. § 1221(a) provides that "an employee, former employee, or applicant for employment may, with respect to any personnel action taken, or proposed to be taken, against such employee, former employee, or applicant for employment, as a result of a prohibited personnel practice described in section 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D), seek corrective action from the Merit Systems Protection Board."  5 U.S.C. § 1221(a).

¶9        Before adjudicating an IRA appeal on the merits, however, the Board must determine whether the appellant has established jurisdiction by demonstrating exhaustion of his administrative remedy with OSC and by nonfrivolously alleging that he satisfies the criteria of section 1221(a)—i.e., that he made a protected disclosure or engaged in protected activity that was a contributing factor in a personnel action taken, or proposed to be taken, against him.  *See Schmittling v. Department of the Army*, 219 F.3d 1332, 1336-37 (Fed. Cir. 2000); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).  The Board has inherent authority to determine whether a matter is within its jurisdiction and to make findings of fact and law necessary to such a determination.  *See Cruz v. Department of the Navy*, 934 F.2d 1240, 1244 (Fed. Cir. 1991) (holding that, although the Board does not have jurisdiction over voluntary resignations, the Board has jurisdiction to determine whether a resignation was involuntary and, therefore, a "constructive removal" within the Board's jurisdiction under 5 U.S.C. § 7512 "because it has jurisdiction to determine its jurisdiction"); *Lloyd v. Small Business Administration*, 96 M.S.P.R. 518, ¶ 16 (2004).

¶10       In addition to judicial and Board precedent, the term "civil service law" embodies statutory provisions that are within title 5 of the United States Code, enacted as part of the Civil Service Reform Act of 1978 (CSRA), Pub. L. No. 95-452, 92 Stat. 1111, and have a bearing on civil servants.  *See Horner v. Merit Systems Protection Board*, 815 F.2d 668, 671 (Fed. Cir. 1987).  The WPA, which amends title 5 and which Congress passed with the intent of strengthening

the protections for Federal whistleblowers contained in the CSRA, is a civil service law because it meets these criteria. *See* WPA § 2, 103 Stat. 16; *King v. Jerome*, 42 F.3d 1371 (Fed. Cir. 1999) (finding implicitly, pursuant to 5 U.S.C. § 7703(d), that the interim relief provisions of the WPA and, by implication, all other such provisions constituted civil service laws, rules, or regulations appealable to the court by the Director of the Office of Personnel Management); *Marano v. Department of Justice*, 2 F.3d 1137, 1140 (Fed. Cir. 1993); *Askew v. Department of the Army*, 88 M.S.P.R. 674, ¶ 22 (2001); *White v. Department of the Air Force*, 71 M.S.P.R. 607, 617 n.5 (1996). The WPEA, which amends the WPA to further strengthen protections for Federal whistleblowers, is similarly a civil service law because it too meets these criteria. *See* WPEA, Pub. L. No. 112-199, 126 Stat. 1465; S. Rep. No. 112-155, at 1-4 (2012), *as reprinted in* 2012 U.S.C.C.A.N. 589, 589-92 (noting that the CSRA first established statutory whistleblower protections). By extension, determinations by the Board regarding whether an appellant has exhausted his OSC remedy and made nonfrivolous allegations of whistleblower reprisal under the WPA and the WPEA are matters of civil service law. *See* 5 U.S.C. § 1221(a); *see also Cruz*, 934 F.2d at 1244. Therefore, we find that a Board determination as to whether it possesses jurisdiction under the WPA and the WPEA or, in the alternative, whether it should (or should not) reach the merits of such a case, is a matter of civil service law, rule, or regulation.

The Board lacks jurisdiction over this IRA appeal.

¶11    Before adjudicating an IRA appeal on the merits, the Board must make a threshold finding of jurisdiction. *King v. Department of Veterans Affairs*, 105 M.S.P.R. 21, ¶ 8 (2007). The Board may not assume that the appellant has established jurisdiction over his appeal and then proceed to reject his whistleblower reprisal claim on the merits; rather, the Board first must address the matter of jurisdiction before proceeding to the merits of the appeal. *Id.* (citing *Schmittling*, 219 F.3d at 1336-37). Absent jurisdiction, the Board is

without authority to decide the issues presented by the appellant. *Id.* If there is no jurisdiction over this IRA appeal, the administrative judge's findings on the merits of the appeal are a nullity. *Id*.

¶12     Here, although the administrative judge denied the agency's motion to dismiss the appeal for lack of jurisdiction, he did not make any explicit findings regarding jurisdiction. IAF, Tabs 11, 26; ID. Rather, he appeared to assume that the Board had jurisdiction over this appeal, held a hearing, and denied corrective action on the merits. IAF, Tab 46; ID. Because the Board must address the matter of jurisdiction before proceeding to the merits of the appeal, we do so now.

¶13     As noted above, to establish Board jurisdiction over an IRA appeal based on whistleblower reprisal, the appellant must exhaust his administrative remedies before OSC and make nonfrivolous allegations of the following: (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take, fail to take, or threaten to take a personnel action as defined by 5 U.S.C. § 2302(a).[5] *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001); *Salerno*, 123 M.S.P.R. 230, ¶ 5; *see* 5 U.S.C. § 2302(b)(8). A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

¶14     The appellant here filed a complaint with OSC alleging that the agency failed to appoint him in retaliation for his disclosures to the agency's EEO office in EEO complaints in April 2013, and on December 1, 2014. IAF, Tab 9 at 9. It

---

[5] Effective December 27, 2012, the WPEA expanded the grounds on which an appellant may file an IRA appeal with the Board. WPEA §§ 101(b)(1)(A), 202, 126 Stat. at 1476; *see Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 9 (2014). Because all of the material events in this appeal occurred after December 27, 2012, the WPEA applies to this appeal.

appears that he submitted partial copies of his April 2013 and December 1, 2014 EEO complaints to OSC. *Id.* at 12-13. In relevant part, these documents both allege that the agency failed to select him for employment in retaliation for his prior EEO activity and because DHS had "black listed" him from Federal employment.[6] *Id.* In support of his blacklisting claim, the appellant alleged that, in retaliation for his prior EEO activity, DHS improperly promoted him and that the improper promotion served as a "black list mechanism" recognized by other civil service employees, including the agency hiring official who reviewed his application. *Id.* In its close-out letter, OSC indicated that it was closing its inquiry into the appellant's allegations that the agency failed to select him for employment in reprisal for making disclosures of discrimination. IAF, Tab 1 at 14-15. Accordingly, we find that the appellant exhausted these claims before OSC.

¶15     Next, we must determine whether the appellant made a nonfrivolous allegation of a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). *Salerno*, 123 M.S.P.R. 230, ¶ 5. Reprisal for exercising an EEO right is a prohibited personnel practice under 5 U.S.C. § 2302(b)(9), not 5 U.S.C. § 2302(b)(8). *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶¶ 7, 10 (2014); *Williams v. Department of Defense*, 46 M.S.P.R. 549, 553 (1991). As relevant here, protected activity under section 2302(b)(9)(A)(i) includes "the exercise of

---

[6] The only evidence in the record regarding the appellant's April 2013 EEO complaint appears to be an unsigned, undated document titled "Supplemental Answers for [agency] form 3090-1" alleging discrimination in connection with his nonselection for a GS-9/11 Entomologist (Identifier) position, vacancy announcement number 24PQ-2013-0054, and a GS-9/11 Plant Protection and Quarantine Specialist position, vacancy announcement number 24PQ-2013-0070. IAF, Tab 9 at 13. According to the agency, it does not use a form 3090-1. IAF, Tab 32 at 6. Nonetheless, because the agency acknowledged an April 2013 EEO complaint in its FAD, we assume for purposes of our jurisdictional determination that the appellant filed an EEO complaint in April 2013, including the "form 3090-1" in the record.

any appeal, complaint, or grievance right granted by any law, rule, or regulation . . . *with regard to remedying a violation of [section 2302(b)(8)]*." 5 U.S.C. § 2302(b)(9)(A)(i) (emphasis added). Section 2302(b)(8) provides, in relevant part, that it is unlawful for an agency to take or fail to take a personnel action with respect to any employee or applicant for employment because of any disclosure of information that he reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8)(A). Thus, only complaints seeking to remedy whistleblower reprisal are covered under section 2302(b)(9)(A)(i). *See Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶¶ 6-7 (2013).

¶16      In the instant matter, the administrative judge found that the appellant engaged in protected activity under section 2302(b)(9)(A)(i) when he filed an EEO complaint in which he disclosed a reasonable belief that DHS violated the regulatory "waiting period" for promotions by giving him a GS-9 step increase and a promotion to GS-11 on the same day in 2006. ID at 13. However, the appellant's EEO complaint did not seek to remedy alleged whistleblower reprisal under section 2302(b)(8); rather, he repeatedly alleged that DHS unlawfully promoted him and "black listed" him in retaliation for his prior EEO activity. IAF, Tab 1 at 11, Tab 9 at 2. As discussed above, to constitute protected activity under section 2302(b)(9)(A)(i), the substance of an appeal, complaint, or grievance must concern remedying a violation of whistleblower reprisal under section 2302(b)(8). *Mudd*, 120 M.S.P.R. 365, ¶ 7. A nonfrivolous allegation regarding just one part of section 2302(b)(8)—such as, as here, a disclosure of one of the categories of wrongdoing specified in section 2302(b)(8)(A) without any allegation of whistleblower reprisal—is insufficient to constitute a nonfrivolous allegation of protected activity under section 2302(b)(9)(A)(i). *See Mudd*, 120 M.S.P.R. 365, ¶ 7. Therefore, we find that the appellant has failed to nonfrivolously allege that he engaged in protected activity or made a protected

disclosure within the Board's jurisdiction over IRA appeals. *See* 5 U.S.C. § 1221(a).

¶17 In light of the foregoing, we vacate the initial decision denying the appellant's request for corrective action and find that he failed to establish jurisdiction over this IRA appeal.

## ORDER

¶18 This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/
_____

Jennifer Everling
Acting Clerk of the Board
Washington, D.C.