## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

FRANCIS YOMI,
          Appellant,

     v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBER
SF-1221-17-0580-W-1

DATE:  January 24, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Francis Yomi</u>, Santa Fe, New Mexico, pro se.

<u>Matthew Dan Rajnus</u>, Bremerton, Washington, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as MODIFIED to find that the appellant exhausted his administrative remedies and to apply the correct evidentiary standard in determining whether the appellant established jurisdiction over his appeal, we AFFIRM the initial decision.

## BACKGROUND

The agency employed the appellant as a GS-6 Physical Science Technician (PST) from July 7, 2014, until he resigned in lieu of being terminated on August 28, 2014. Initial Appeal File (IAF), Tab 1 at 121, Tab 6 at 46, 49-50.[2] After seeking corrective action from the Office of Special Counsel (OSC), the appellant filed the instant IRA appeal. IAF, Tab 1. In response to the administrative judge's order on jurisdiction, the appellant alleged that, as he informed OSC, the agency forced him to resign in retaliation for his August 19 and 20, 2014 disclosures regarding the agency's improper reliance on management discretion in its hiring decisions and its failure to provide him reasons why he was not selected for a higher-graded position. IAF, Tab 5 at 2-5, 12, 14, Tab 7 at 3-7. He also alleged that, as he informed OSC, the agency

---

[2] In September 2014, the appellant filed an equal employment opportunity complaint alleging, among other things, that the agency discriminated against him when it discharged him and forced him to resign. IAF, Tab 6 at 14, 21. He also filed a separate Board appeal challenging his alleged involuntary resignation, which the Board dismissed for lack of jurisdiction. *Yomi v. Department of the Navy*, MSPB Docket No. SF-0752-16-0764-I-1, Final Order (Apr. 26, 2023).

retaliated against him for filing an equal employment opportunity (EEO) complaint in September 2014 by not referring his application for GS-8 and GS-9 PST positions to the selecting official. IAF, Tab 5 at 4-6.

In an initial decision based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant "failed to show that he made a protected disclosure." IAF, Tab 8, Initial Decision (ID) at 5. She further found that she was unable to review the appellant's allegation that the agency retaliated against him for filing an EEO complaint or other alleged prohibited personnel practices raised in his OSC complaint. ID at 7-8.

The appellant has filed a petition for review of the initial decision, the agency has responded, and the appellant has submitted a reply. Petition for Review (PFR) File, Tabs, 1, 3-4.

## ANALYSIS

Under the Whistleblower Protection Enhancement Act of 2012 (WPEA),[3] the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations of the following: (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

The appellant exhausted his administrative remedy with OSC.

Although the administrative judge appeared to assume that the appellant exhausted his administrative remedy, she did not make an explicit finding regarding this jurisdictional requirement. ID. The Board has recently clarified

---

[3] The relevant events in this case occurred after the December 27, 2012 effective date of the WPEA. Pub. L. No. 112-199, § 202, 126 Stat. 1465, 1476. Therefore, we have applied the WPEA to this appeal.

the substantive requirements of exhaustion. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11. The requirements are met when an appellant has provided OSC with sufficient basis to pursue an investigation. The Board's jurisdiction is limited to those issues that have been previously raised with OSC. However, an appellant may give a more detailed account of his whistleblowing activities before the Board than he did to OSC. An appellant may demonstrate exhaustion through his initial OSC complaint; evidence that he amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations; and the appellant's written responses to OSC referencing the amended allegations. An appellant may also establish exhaustion through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in the Board appeal. *Id*.

Here, the record contains, among other correspondence with OSC, the appellant's February 28, 2017 response to OSC's February 16, 2017 preliminary determination to close the case. IAF, Tab 1 at 80-81, 83-98. Therein, the appellant specifically raised the alleged disclosures, activities, and personnel actions at issue in this appeal. *Id*. at 85, 92-93. By letter dated June 15, 2017, OSC denied the appellant's request for reconsideration. *Id*. at 150-51. Therefore, we find that he exhausted his administrative remedy with OSC.

<u>The appellant failed to nonfrivolously allege that he made a protected disclosure.</u>

Next, we must consider whether the appellant has nonfrivolously alleged that he made one or more protected disclosures or engaged in protected activity. *Salerno*, 123 M.S.P.R. 230, ¶ 5. A nonfrivolous allegation of a protected whistleblowing disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in his position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *Id*., ¶ 6. The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one:

whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Id.* The disclosures must be specific and detailed, not vague allegations of wrongdoing. *Id.*

Here, as noted above, the appellant alleged that he made several protected disclosures to agency officials on August 19 and 20, 2014. IAF, Tab 5 at 2-4. In particular, he alleged that, after his first-level supervisor, a human resources specialist, and an administrative officer failed to provide him the specific reasons for his nonselection for a higher-graded position during an August 19, 2014 meeting, he informed them that "the selection of applicants for a job open to all U.S. citizens should not be based on the discretion of the management, but should be based on the qualifications and merits of applicants." *Id.* at 3-5. He also alleged that, in an August 20, 2014 email to his third-level supervisor, he informed her of the following: (1) during the August 19, 2014 meeting, the administrative officer informed him that he was not selected "because he had not been selected," and the human resources specialist told him that his nonselection "was up to the discretion of management"; (2) pursuant to the merit system principles, hiring decisions should be based on objective criteria, rather than management discretion; and (3) he "just [thought] that it should be clearly explained why an applicant has not been selected from an objective criteria point of view, rather than a management discretion point of view." IAF, Tab 1 at 48, Tab 5 at 3-4, Tab 7 at 3-7. He alleged that these statements to agency officials constituted disclosures of gross mismanagement and a violation of law, rule, or regulation, including the merit system principles and the Pendleton Civil Service Act of 1883 (Pendleton Act).

On review, the appellant argues that the administrative judge erred in requiring him to prove that his disclosure evidenced a violation of law, rule, or

regulation, rather than nonfrivolously alleging that he had a reasonable belief that that it did. PFR File, Tab 1 at 2-3, Tab 4 at 8, 10. We agree that the administrative judge appeared to hold, in part, the appellant to a higher pleading standard than is permissible at the jurisdictional stage by finding that he failed to "show"—rather than nonfrivolously allege—that his disclosure evidenced a violation of law, rule, or regulation. ID at 5-7. We therefore modify the initial decision to apply the correct evidentiary standard. For the reasons that follow, we find that the appellant failed to nonfrivolously allege that he had a reasonable belief that his disclosure evidenced a violation of law, rule, or regulation.

As noted above, the appellant alleges that his disclosures evidence a violation of the Pendleton Act or the merit system principles.[4] IAF, Tab 5 at 12, 14, Tab 7 at 4. Resolving any doubt or ambiguity in the appellant's favor, we find that his purported disclosures do not constitute a nonfrivolous allegation of a reasonable belief that the agency violated the Pendleton Act or the merit system principles. Nothing in the Pendleton Act or the merit system principles requires —or could reasonably be read to require—an agency to inform an applicant who is not selected for a position of the specific reasons for his nonselection or to completely remove management discretion from the hiring process. Likewise, nothing in these laws could reasonably be read to suggest that an agency official may not tell an employee that he was not selected "because he was not selected" or that his nonselection was "up to the discretion of management." The appellant's insistence on review that he subjectively believed that the agency violated a law, rule, or regulation and that the administrative officer's statement was personally insulting do not suggest that he had an objectively reasonable belief that the matters disclosed evidenced a violation of the Pendleton Act, the

---

[4] An appellant is not required to identify the particular statutory or regulatory provision that the agency allegedly violated when his statements and circumstances of those statements clearly implicate an identifiable law, rule, or regulation. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 17 (2011). We find that the appellant's alleged disclosures do not clearly implicate an identifiable law, rule, or regulation.

merit system principles, or any other law, rule, or regulation. PFR File, Tab 1 at 2-8. Therefore, we find that the appellant has failed to nonfrivolously allege that a disinterested observer with knowledge of the essential facts could reasonably conclude that his disclosures evidenced a violation of law, rule, or regulation.

As noted above, the administrative judge also found that the appellant failed to show that his disclosure evidenced an abuse of authority or gross mismanagement. ID at 6-7. The appellant does not challenge these findings on review, PFR File, Tabs 1, 4, and we discern no basis to conclude that he has nonfrivolously alleged that he disclosed an abuse of authority or gross mismanagement, *see Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 10 n.3 (2015) (defining abuse of authority as an arbitrary or capricious exercise of power by a Federal official that has adversely affected the rights of any person or has resulted in personal gain or advantage to himself or to preferred other persons); *Francis v. Department of the Air Force*, 120 M.S.P.R. 138, ¶ 12 (2013) (defining gross mismanagement as a management action or inaction that creates a substantial risk of significant adverse impact on the agency's ability to accomplish its mission).

The appellant apparently believes that management discretion should not play any role in hiring decisions and that the agency officials acted improperly when they told him it did and when they failed to provide him the specific reasons for his nonselection. General philosophical or policy disagreements with agency decisions or actions, however, are not protected unless they separately constitute a protected disclosure of one of the categories of wrongdoing listed in section 2302(b)(8)(A). *Webb*, 122 M.S.P.R. 248, ¶ 8. The appellant's mere disagreement with the agency's hiring practices and handling of his request for reasons why he was not selected, therefore, do not amount to a nonfrivolous allegation of a protected disclosure. *See Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 11 (2016) (finding that the employee's disclosure

regarding an alleged difference of opinion concerning a policy was not a nonfrivolous allegation of a protected disclosure).

<u>The appellant failed to nonfrivolously allege that he engaged in protected activity when he filed an EEO complaint in September 2014.</u>

As noted above, the administrative judge found that she was unable to review the appellant's allegation that he engaged in protected activity under 5 U.S.C. § 2302(b)(9) when he filed an EEO complaint in September 2014. ID at 7-8. Under the WPEA, however, an appellant may establish Board jurisdiction over an IRA appeal by nonfrivolously alleging that he engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), which includes filing an EEO complaint that seeks to remedy whistleblower reprisal. *Bishop v. Department of Agriculture*, 2022 MSPB 28, ¶ 15; *Salerno*, 123 M.S.P.R. 230, ¶ 5.

Here, the appellant alleged that the agency retaliated against him for filing a September 2014 EEO complaint, but he has not alleged that his EEO complaint sought to remedy whistleblower reprisal. IAF, Tabs 1, 5, 7; PFR File, Tabs 1, 4. In fact, he stated below that his "EEO complaint is about discrimination, which is totally different from the reprisal for whistleblowing complaint or IRA appeal." IAF, Tab 7 at 8. Therefore, we find that the appellant has not made a nonfrivolous allegation that his EEO complaint constitutes protected activity under section 2302(b)(9)(A)(i). *See Bishop*, 2022 MSPB 28, ¶ 15. Because the appellant failed to nonfrivolously allege that he made a protected disclosure or engaged in any protected activity, we find that the Board lacks jurisdiction over this IRA appeal.[5]

---

[5] Insofar as the appellant raised other alleged prohibited personnel practices below, the Board lacks jurisdiction to consider them absent an otherwise appealable action. *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (explaining that a prohibited personnel practice under 5 U.S.C. § 2302(b) is not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Jennifer Everling*

FOR THE BOARD:            _____
                         Jennifer Everling
                         Acting Clerk of the Board

Washington, D.C.