**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ROBERT CONKLIN,<br>    Appellant, | DOCKET NUMBER<br>AT-1221-16-0700-W-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>    Agency. | DATE: February 23, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Adam Jerome Conti, Esquire, Atlanta, Georgia, for the appellant.

Nic Roberts, Esquire, Fort Benning, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

**BACKGROUND**

After the appellant was not selected for a Combat Development Specialist position with the agency in 2015,[2] he filed the instant IRA appeal alleging that he was not selected because of his prior complaints to the Department of Labor (DOL) in 2010 and to the Office of Special Counsel (OSC) in 2012. Initial Appeal File (IAF), Tab 1 at 6, Tab 4 at 17. After affording the appellant notice of his burdens and elements of proof and affording him the opportunity to submit evidence and argument establishing jurisdiction, IAF, Tab 3, the administrative judge dismissed the appeal for lack of jurisdiction, IAF, Tab 8, Initial Decision (ID).

In the initial decision dismissing the appeal, the administrative judge found that the appellant failed to nonfrivolously allege that his 2010 DOL complaint sought to remedy whistleblower reprisal and that he, therefore, failed to allege that such activity was protected. ID at 6-7. Without making a specific finding on whether the appellant nonfrivolously alleged that his 2012 OSC complaint constituted protected activity, the administrative judge ultimately concluded that the appellant failed to nonfrivolously allege that either the 2010 DOL complaint or the 2012 OSC complaint was a contributing factor in the agency's decision to not select him for the Combat Development Specialist position in 2015. ID at 7-9.

The appellant has filed a petition for review, wherein he argues that he nonfrivolously alleged Board jurisdiction and that the administrative judge inappropriately weighed the evidence of record in dismissing his appeal. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the appellant's petition, to which the appellant has replied. PFR File, Tabs 3-4.

_____

[2] It does not appear that the appellant was an employee of the Federal Government when he applied for the Combat Development Specialist position; rather, the record suggests he was a contractor at the time. Initial Appeal File, Tab 1 at 9, Tab 4 at 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that (1) he made a disclosure that was protected under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). *Bishop v. Department of Agriculture*, 2022 MSPB 28, ¶ 13; *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).[3]

The administrative judge correctly found that the appellant exhausted his administrative remedy with OSC regarding his 2010 DOL and 2012 OSC complaints.

In the initial decision, the administrative judge found that the appellant exhausted his administrative remedy before OSC regarding his allegation that the agency did not select him for the Combat Development Specialist position in 2015 in reprisal for, among other things, previous complaints he filed with the DOL and OSC.[4]  ID at 5.  We have reviewed the record, which includes a copy of the appellant's December 9, 2015 OSC complaint, wherein he asserted that the agency did not select him for the Combat Development Specialist position in

---

[3] Effective December 27, 2012, Congress enacted the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465.  In *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 51, the Board reasoned that even if an appellant's whistleblowing activity occurs prior to the enactment of the WPEA, the WPEA still applies if the relevant retaliatory event occurs after the enactment date because the agency then knew of the parties' rights, liabilities, and duties under the WPEA.  Accordingly, we find that the WPEA applies here even though the appellant's alleged protected activity occurred before the enactment of the WPEA because the alleged personnel action at issue—the nonselection—occurred in 2015, after the effective date of the WPEA, and is, therefore, the "relevant event" in determining what statutory scheme applies.  *See id.*

[4] The administrative judge found, however, that the appellant failed to show that he exhausted his OSC remedy with respect to his claims that the agency violated 5 U.S.C. § 2302(b)(4).  ID at 5.  The appellant does not challenge this finding on review, and we find no reason to disturb it.

2015 because of his prior complaints before the DOL and OSC, and because of his cooperation with an OSC investigation. IAF, Tab 1 at 13-14, 16. As such, we agree with the administrative judge that the appellant exhausted his administrative remedy with OSC with respect to his 2010 DOL and 2012 OSC complaints. ID at 5.

<ins>We find that the appellant nonfrivolously alleged that his 2012 OSC complaint constituted protected activity under 5 U.S.C. § 2302(b)(9)(C).</ins>

The next step in the appellant's jurisdictional burden is to make a nonfrivolous allegation that he made a disclosure that was protected under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). *See Bishop*, 2022 MSPB 28, ¶ 13; *Salerno*, 123 M.S.P.R. 230, ¶ 5. Here, the appellant's IRA appeal concerns activities—his 2010 filing of a DOL complaint and his June 15, 2012 filing of an OSC complaint—that he asserts are protected under section 2302(b)(9).[5] IAF, Tab 4.

Regarding the appellant's 2012 OSC complaint, as briefly noted above, the administrative judge does not appear to have made a specific finding on whether the appellant nonfrivolously alleged that his 2012 OSC complaint constituted

---

[5] In the initial decision, the administrative judge found that the appellant failed to nonfrivolously allege that his DOL complaint sought to remedy whistleblower reprisal, as required by the WPEA. ID at 6. As such, he concluded that the Board lacked jurisdiction to consider it. ID at 6-7. The appellant does not appear to challenge this finding on review. PFR File, Tab 1. We have reviewed the record, and we agree with the administrative judge's analysis. Under the WPEA, the Board has jurisdiction to hear appeals of violations of 5 U.S.C. § 2302(b)(9)(A)(i), i.e., allegations of reprisal for exercising a right to complain, when the substance of that complaint seeks redress for a violation of 5 U.S.C. § 2302(b)(8). *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013). As correctly noted by the administrative judge, the appellant alleged below that the subject matter of his complaint before the DOL was whether his veterans' preference rights were violated in the hiring process in contravention of the Veterans Employment Opportunities Act of 1998. ID at 7; IAF, Tab 4 at 17. He reiterated this position in his petition for review. PFR File, Tab 1 at 5. Because the appellant has not made a nonfrivolous allegation that his 2010 DOL complaint concerned remedying an alleged violation of subparagraph (b)(8), the Board lacks jurisdiction over his allegations of reprisal in the context of this IRA appeal. *Mudd*, 120 M.S.P.R. 365, ¶ 7.

protected activity under 5 U.S.C. § 2302(b)(9). ID at 7-8. As such, we do so here. Under section 2302(b)(9)(C), an agency may not "take or fail to take . . . any personnel action against any employee or applicant for employment because of . . . [his] cooperating with or disclosing information to . . . the Special Counsel, in accordance with applicable provisions of law."[6] Under this broadly worded language, the activity of filing an OSC complaint would be protected under section 2302(b)(9)(C) regardless of the complaint's content. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 62 (stating that disclosing information to, among others, OSC is protected activity under section 2302(b)(9)(C) irrespective of whether an individual had a reasonable belief that she was disclosing wrongdoing and regardless of the complaint's contents). Accordingly, we find that the appellant nonfrivolously alleged that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C) when he filed his 2012 OSC complaint. *See id.*

The appellant nonfrivolously alleged that his 2012 OSC complaint was a contributing factor to his 2015 nonselection.

The appellant must next nonfrivolously allege that his 2012 OSC complaint was a contributing factor in the agency's decision not to select him for the Combat Development Specialist position in 2015. *See Bishop*, 2022 MSPB 28, ¶ 13; *Salerno*, 123 M.S.P.R. 230, ¶ 5. To satisfy the contributing factor criterion at the jurisdictional stage of an IRA appeal, the appellant only need raise a nonfrivolous allegation that the fact of, or content of, the protected disclosure or activity was one factor that tended to affect the personnel action in any way. *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 19. One way to

---

[6] During the pendency of this appeal, the National Defense Authorization Act for Fiscal Year 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, was signed into law on December 12, 2017. Section 1097 of the NDAA amended various provisions of Title 5 of the U.S. Code. In particular, it amended 5 U.S.C. § 2302(b)(9)(C) to provide that, in addition to the Special Counsel, a disclosure to "any other component responsible for internal investigation or review" is also protected. 131 Stat. 1283, 1618. However, the result here would be the same under both pre- and post-NDAA law because the appellant disclosed information to OSC.

establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.*

Below, the appellant alleged that the then-Soldier Systems Branch Deputy Director (Deputy Director) was "likely" the selecting official for the 2015 position and that the Deputy Director had "likely surmised" from OSC's investigation into his 2012 complaint, which concerned another nonselection in which the appellant alleges he was involved, that the appellant was the person who had filed the complaint. IAF, Tab 4 at 9. In essence, the appellant alleged below that the agency official he believed to be responsible for the nonselection in 2015 was likely aware of his 2012 OSC complaint. *Id.*

In the initial decision, the administrative judge found that the appellant failed to raise nonfrivolous allegations sufficient to show that the appellant's OSC complaint was a contributing factor in the agency's decision not to select him for the Combat Development Specialist position. ID at 9. In so finding, he reasoned that the "appellant himself indicated uncertainty as to whether the [Deputy Director] . . . was the selecting official for that position." *Id.* Additionally, he relied on a sworn statement submitted by the agency from the Capability Manager that he was the selecting official for the Combat Development Specialist position in 2015, and not the Deputy Director. *Id.*; IAF, Tab 6 at 6. The administrative judge then stated that the appellant had produced no evidence that the Capability Manager had knowledge of his previous complaints. ID at 9. He ultimately concluded that the appellant "failed to otherwise set forth facts sufficient to constitute a nonfrivolous allegation" that his

previous complaints contributed to the agency's decision not to select him for the position.  ID at 9-10.

On review, the appellant argues that, at the jurisdictional stage, he was not required to do any more than to make a nonfrivolous allegation that he was not selected for the position in reprisal for filing a prior OSC complaint and that the administrative judge erred in relying on agency evidence in "refusing to find that [he] established a nonfrivolous allegation."  PFR File, Tab 1 at 11.  We agree. The Board has consistently held that, although an administrative judge may consider the agency's documentary submissions in determining whether the appellant has made a nonfrivolous allegation of jurisdiction, he may not weigh evidence and resolve conflicting assertions of the parties, and the agency's evidence may not be dispositive.  *See Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 11 (2014); *see also Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶ 19 (2010).  Moreover, in the time that followed the initial decision, our reviewing court explained that "the question of whether the appellant has nonfrivolously alleged protected disclosures that contributed to a personnel action must be determined based on whether the employee alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face."  *See Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1367, 1369 (Fed. Cir. 2020).  Here, the administrative judge considered evidence outside of the appellant's allegations, specifically, the sworn statement from the Capability Manager that he was the agency official responsible for the 2015 selection, and that evidence, which the administrative judge appears to have treated as dispositive, served only to contradict the appellant's assertion that he believed the Deputy Director was responsible for his nonselection.  ID at 9; IAF, Tab 6 at 6.  Based on established precedent, we find that it was error to consider the agency's evidence below at the jurisdictional stage.  *See Hessami*, 979 F.3d at 1367, 1369; *see also Carney*, 121 M.S.P.R. 446, ¶ 11.

As such, we must now determine whether the appellant's allegations, accepted as true, constitute a claim that is plausible on its face that his 2012 OSC complaint was a contributing factor in the agency's decision not to select him for the Combat Development Specialist position in 2015. *See Hessami*, 979 F.3d at 1369; *see also Skarada*, 2022 MSPB 17, ¶ 19. As mentioned above, one way to make such a determination is the knowledge/timing test. *Skarada*, 2022 MSPB 17, ¶ 19. Here, the appellant has alleged that the Deputy Director was responsible for his nonselection and that he was aware of the 2012 OSC complaint. IAF, Tab 4 at 9. Thus, the appellant's <u>allegations</u> satisfy the knowledge prong of the test. Regarding the timing prong, the appellant has asserted on review that the Deputy Director was informed of his 2012 OSC complaint in August of 2013, and his submissions otherwise suggest that the nonselection occurred sometime around May of 2015.[7] PFR File, Tab 1 at 11; IAF, Tab 4 at 10. The Board has held that a personnel action taken within 1-2 years of an appellant's disclosure or activity satisfies the timing component of the knowledge/timing test. *See Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 21 (2015). Because the appellant's claims effectively amount to an allegation that the agency did not select him for the Combat Development Specialist position within 21 months of the alleged relevant agency official learning of the 2012 OSC complaint, we find that he has met the timing prong of the knowledge/timing test at the jurisdictional stage. *See Smith v. Department of Agriculture*, 64 M.S.P.R. 46, 65 (1994) (considering whether the appellant established that his protected disclosures were a contributing factor in the agency's action when the action was taken within a reasonable time after the

---

[7] Although we are cautious in considering documentary evidence at the jurisdictional stage, we need not consider the appellant's allegations "in a vacuum." *See Hessami*, 979 F.3d at 1369. We find it appropriate in this specific instance to look beyond the appellant's allegation that he was not selected for a position to consider the documents he attached to give that allegation a greater context. IAF, Tab 4 at 10. Moreover, the context suggested by the appellant's submission—that his nonselection occurred sometime in or around May 2015—is not contradicted or challenged by the agency.

official taking the action *became aware of* the appellant's disclosures) (emphasis added). Based on our findings that the appellant met both prongs of the knowledge/timing test, we, therefore, find that he nonfrivolously alleged that his 2012 OSC complaint was a contributing factor in his nonselection.

Based on the foregoing, we find that the appellant nonfrivolously alleged that he engaged in protected activity that was a contributing factor to a personnel action and that he has established the Board's jurisdiction over his IRA appeal. *See Bishop*, 2022 MSPB 28, ¶ 13. Accordingly, we remand the appeal to the Atlanta Regional Office, where the appellant is entitled to a hearing on the merits, which he must prove by preponderant evidence. 5 U.S.C. § 1221(e)(1); *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015). If the appellant meets his burden of proving that his protected activity was a contributing factor in the agency's personnel action, the agency shall have the opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected activity. 5 U.S.C. § 1221(e)(2); *Lu*, 122 M.S.P.R. 335, ¶ 7; *see Carr v. Social Security Administration*, 185 F.3d 1318, 1322-23 (Fed. Cir. 1999).

## ORDER

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.[8]

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[8] In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.