**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RICKY T. GRAVELY,
          Appellant,

        v.

DEPARTMENT OF THE ARMY,
         Agency.

DOCKET NUMBER
CH-1221-21-0258-W-1

DATE: September 27, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jennifer D. Isaacs</u>, Esquire, Atlanta, Georgia, for the appellant.

<u>Amanda Scholz</u>, Esquire, Shaw Air Force Base, South Carolina, for the
  agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication of
this appeal.

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which
dismissed his individual right of action (IRA) appeal for lack of jurisdiction.
Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

In his petition for review, the appellant asserts that the administrative judge erred in finding that he failed to nonfrivolously allege that his complaint regarding overtime was a protected disclosure. Petition for Review (PFR) File, Tab 1 at 6-7. We agree with the administrative judge that, to the extent the appellant asserts that he disclosed that the agency discriminated against him in its application of overtime policies, this is not a protected whistleblower disclosure under 5 U.S.C. § 2302(b)(8). *See Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 21-23 (explaining that Title VII claims are generally excluded from protection under whistleblower protection statutes unless an appellant alleges that he was seeking to remedy an alleged violation of section 2302(b)(8)); *Bishop v. Department of Agriculture*, 2022 MSPB 28, ¶¶ 15-16 (same); *Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 84 (2001) (stating that purported disclosures that involve alleged discrimination or reprisal claims arising under Title VII are not covered by section 2302(b)(8)), *review dismissed*, 32 F. App'x 543 (Fed. Cir. 2002). We have further considered whether, apart from the discriminatory element, the appellant nonfrivolously alleged making a protected

disclosure in a broader sense that the agency allowed fraudulent or "unnecessary overtime," or that employees performed "uncompensated work." Initial Appeal File (IAF), Tab 4 at 15, 18; *see, e.g.*, *Berkley v. Department of the Army*, 71 M.S.P.R. 341, 351-52 (1996) (finding that the appellant made a protected disclosure when he complained to the inspector general and his supervisors that he was denied overtime pay for overtime hours he had worked). However, the appellant's allegations to the Office of Special Counsel (OSC) and to the Board present only vague and conclusory allegations of overtime abuse and do not make a specific, detailed allegation of wrongdoing. *See Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1371 n.6 (Fed. Cir. 2020) (finding that an appellant's allegations did not meet the nonfrivolous standard when she made no specific allegation for why she reasonably believed that her disclosures evidenced a violation of law, rule, or regulation). The alleged overtime disclosure is not realleged in the October or December 2019 OSC complaints and is not identified in any submissions before the administrative judge, including the initial appeal and the appellant's response to the administrative judge's jurisdictional order. IAF, Tabs 1, 4. Despite numerous opportunities to explain the basis of his allegations, the appellant has not identified specifically what he disclosed regarding alleged overtime abuse, to whom he made the disclosures, or why he had a reasonable belief that the agency was engaging in fraudulent or "unnecessary overtime." *E.g.*, IAF, Tab 4 at 15, 18. Further, although the appellant states that he made "multiple disclosures regarding abuse of overtime and fraudulent TDY in 2016 and 2017," it is unclear what he disclosed at that time because he stated that he did not learn of the alleged overtime abuse until February 2019. *Id*. Under these circumstances, we find that the appellant has failed to nonfrivolously allege that he made a protected disclosure regarding overtime violations.

We have considered the appellant's arguments as to the remaining alleged protected disclosures, but we find them unavailing. PFR File, Tab 1 at 6-7.

Because we affirm the administrative judge's finding that the appellant failed to make a nonfrivolous allegation of a protected whistleblower disclosure, we need not consider whether he made a nonfrivolous allegation of contributing factor.[2] *See El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 13 (2015), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016). For these reasons, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[2] The initial decision includes an alternative finding that the appellant failed to provide evidence that any of his alleged protected disclosures were a contributing factor to the alleged personnel actions. IAF, Tab 9, Initial Decision at 16. To the extent the administrative judge required evidence or proof related to the alleged personnel actions, that is not required at the jurisdictional stage of an IRA appeal. *Hessami*, 979 F.3d at 1368-69; *Fisher v. Environmental Protection Agency*, 108 M.S.P.R. 296, ¶7 (2008). Nonetheless, any error is immaterial to the outcome because we find that the appellant failed to nonfrivolously allege that he made any protected disclosures.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.