# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DARIN ANDREW JONES,
　　　　　Appellant,

　　　　v.

DEPARTMENT OF THE NAVY,
　　　　　Agency.

DOCKET NUMBER
DC-1221-20-0630-W-1

DATE:  October 25, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Darin Andrew Jones, Potomac, Maryland, pro se.

Nikki Greenberg, Washington Naval Yard, District of Columbia,
　　for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address alternative findings relating to contributing factor and exhaustion of remedies, and to supplement the analysis of the knowledge/timing test, we AFFIRM the initial decision.

## BACKGROUND

¶2    The appellant filed this IRA appeal alleging that, in reprisal for his whistleblowing and protected activity, the agency rescinded a tentative job offer for the position of Supervisory Contract Specialist on January 13, 2020. Initial Appeal File (IAF), Tab 1 at 3, 5. The appellant's alleged disclosures included assertions to the agency on January 10, 2020, that its Human Resources (HR) department had violated proper HR procedures when it failed to timely communicate with him regarding onboarding for new employees after the tentative job offer, his submission to the agency on November 27, 2019, in response to its request, of a Standard Form (SF) 50 showing his termination during his probationary period from the Federal Bureau of Investigation (FBI), and his claim, while employed at the FBI in 2012, that the FBI had violated procurement laws. *Id.* at 5, 10, 20-23, 26, 31; IAF, Tab 5 at 5. The appellant also

asserted that he had engaged in protected activity relating to his 2012 termination from the FBI, including the filing of a Board appeal of that action. IAF, Tab 1 at 5, 26, 31.

¶3 After issuing a jurisdictional order and receiving responses from the parties, e.g., IAF, Tabs 3, 5, 9-10, 12, 20-23, the administrative judge dismissed the appeal for lack of jurisdiction without holding the appellant's requested hearing. IAF, Tab 24, Initial Decision (ID) at 1, 12-13.

¶4 The appellant has filed a petition for review of the initial decision, the agency has filed a response, and the appellant has filed a reply. Petition for Review (PFR) File, Tabs 1, 3, 5. The appellant asserts that the administrative judge improperly weighed evidence, erred in finding that he failed to make a nonfrivolous allegation of a protected disclosure, failed to consider his "discovery evidence," failed to adjudicate a novel claim that he raised, and exhibited favoritism toward the agency. PFR File, Tab 1 at 4-12, Tab 5 at 4-18.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant failed to make a nonfrivolous allegation of a protected disclosure regarding his January 10, 2020 email to HR.</u>

¶5 The administrative judge concluded that the appellant failed to make a nonfrivolous allegation of a protected disclosure under 5 U.S.C. § 2302(b)(8) regarding his January 10, 2020 email to HR. ID at 9. The administrative judge also concluded that the appellant failed to nonfrivolously allege that this email contributed to the agency's rescission of his tentative job offer. ID at 8. We agree with the former finding, but vacate the latter finding.

¶6 A protected disclosure is one that an appellant reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 5 n.3 (2013). The proper test for determining whether an appellant had a

reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant could reasonably conclude that the actions evidenced any of the conditions set forth in 5 U.S.C. § 2302(b)(8). *Id.*, ¶ 5.

¶7        Although the appellant characterized his email as having disclosed that the agency was violating "acceptable and proper HR procedure," the email merely conveyed the appellant's belief that he was not being treated fairly by the agency and that the agency had no reason to withdraw his tentative job offer.[2]  IAF, Tab 5 at 6, 17.  Indeed, instead of disclosing HR improprieties, the email stated as follows:  "How is [the agency's lack of communication] acceptable and proper HR procedure?"  *Id.* at 17.  Thus, we find that the email amounted to a vague query as to whether the agency had treated the appellant fairly or complied with unidentified HR best practices, and therefore did not constitute a protected disclosure under 5 U.S.C. § 2302(b)(8).  *See Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616, ¶ 13 (2006) (explaining that disclosures must be specific and detailed, not vague allegations of wrongdoing regarding broad or imprecise matters); *see also Gryder v. Department of Transportation*, 100 M.S.P.R. 564, ¶ 13 (2005) (finding that the appellant's statement of his personal disagreement with the agency's decision not to rehire him did not amount to a protected disclosure).

---

[2] In *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1369 (Fed. Cir. 2020), the court explained that the Board's jurisdictional determination in an IRA appeal "must be determined based on whether the employee alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face."  However, we need not consider allegations "in a vacuum."  *Id*. at 1369 n.5.  Here, therefore, we look beyond the appellant's characterization of his email to consider the document itself.  IAF, Tab 5 at 17.  In any event, we find that even the appellant's characterization of his email fell short of a nonfrivolous allegation of a protected disclosure.  *See Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶¶ 7-9 (2016) (finding that the appellant failed to make a nonfrivolous allegation that he reasonably believed he had disclosed a violation of law when he made vague allegations of wrongdoing and referenced broad statutory provisions).

¶8      The administrative judge also concluded that the appellant failed to nonfrivolously allege that his January 10, 2020 email had contributed to the rescission of his job offer, crediting the agency's argument that it had initiated the withdrawal of the offer before the appellant sent the above email and relying on supporting documentary evidence provided by the agency, i.e., email correspondence dated December 23, 2019, and January 9, 2020. ID at 8. The Board may not, however, deny an appellant the right to a hearing by "crediting the agency's interpretation of the evidence as to . . . whether the disclosures were a contributing factor to an adverse action." *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1369 (Fed. Cir. 2020). Because the administrative judge incorrectly relied on evidence submitted by the agency and credited its interpretations of that evidence, we modify the initial decision accordingly.

The appellant's submission of his SF-50 did not constitute a protected disclosure.

¶9      The administrative judge found that the appellant's submission of the SF-50 documenting his termination did not constitute a protected disclosure, but also concluded that the appellant failed to exhaust this disclosure with the Office of Special Counsel (OSC). ID at 12. Again, although we agree with the former finding, we disagree with the latter and modify the initial decision accordingly.

¶10      We discern no basis to disturb the administrative judge's conclusion that the appellant's submission of the SF-50 did not constitute a nonfrivolous allegation of a disclosure pertaining to any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. ID at 12; *see* 5 U.S.C. § 2302(b)(8); *see also Mudd*, 120 M.S.P.R. 365, ¶ 5 n.3. Indeed, the appellant's apparent belief that the agency improperly required hm to submit the subject form does not transform his submission of the document into a protected disclosure. *See Doster v. Department of the Army*, 56 M.S.P.R. 251, 253-54 (1993) (concluding that the Board lacked jurisdiction over the appeal when the appellant's filings contained a

litany of allegations of agency improprieties but failed to discernably allege any disclosures regarding the same).

¶11 Although the administrative judge also concluded that the appellant failed to show that he raised this purported disclosure with OSC, we disagree. IAF, Tab 1 at 22-23; *see, e.g.*, *Mudd*, 120 M.S.P.R. 365, ¶ 12 (holding that an appellant can demonstrate exhaustion by providing the OSC complaint). Accordingly, we modify this aspect of the administrative judge's alternative finding regarding exhaustion.

The appellant failed to satisfy the contributing factor jurisdictional criterion regarding his remaining alleged protected disclosures and activities.

¶12 The administrative judge concluded that the appellant failed to make a nonfrivolous allegation that any of his remaining alleged protected disclosures or activities, i.e., his 2011-2012 procurement-related FBI disclosures or his post-termination litigation, contributed to the agency's rescission of the tentative job offer.[3] ID at 9-12. Although we agree with this determination, we modify and supplement the administrative judge's analysis of the knowledge/timing test.

¶13 An appellant's protected disclosures or activities are a contributing factor in a personnel action if, among other things, they in any way affect an agency's decision to take or fail to take a personnel action. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). One way to establish contributing factor is the knowledge/timing test. *Wadhwa v. Department of Veterans Affairs*,

---

[3] The administrative judge did not analyze whether any of these claims amounted to a nonfrivolous allegation of a protected disclosure or protected activity. Because we agree that the appellant failed to satisfy the contributing factor criterion, the absence of such an analysis is not a material error. Nevertheless, under 5 U.S.C. § 2302(b)(9)(C), disclosures of information to an agency's Inspector General are protected regardless of content as long as such disclosures are made in accordance with applicable provisions of law. *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8. Thus, the appellant's assertion that he disclosed information to the Department of Justice Inspector General constituted a nonfrivolous allegation of protected activity under 5 U.S.C. § 2302(b)(9)(C). To the extent his prior litigation sought to remedy whistleblower reprisal, it too would constitute protected activity. *See Bishop v. Department of Agriculture*, 2022 MSPB 28, ¶ 15 (explaining that complaints seeking to remedy whistleblower reprisal are covered under 5 U.S.C. § 2302(b)(9)(A)(i)).

110 M.S.P.R. 615, ¶ 12, *aff'd*, 353 F. App'x 435 (Fed. Cir. 2009). Under this test, an appellant can prove the contributing factor element through evidence showing that the official taking the action knew of the protected activity and the action occurred within a period of time such that a reasonable person could conclude that the activity was a contributing factor in the personnel action. *Id.*

¶14 The administrative judge found that the appellant failed to satisfy the knowledge component because he failed to allege that the official who rescinded the job offer had any knowledge of his FBI-related disclosures or activities. ID at 10. She reasoned that the appellant's assertions regarding how the official may have learned of the same, e.g., through an internet search, publicly available court filings, or the Congressional Record, were "purely speculative." *Id.* She also relied on deposition testimony from the official indicating that she had not researched the appellant on the internet and was unaware of his alleged FBI whistleblowing. ID at 10 & n.7. The administrative judge further considered the agency's stated reason for rescinding the tentative job offer, i.e., that it had learned that he had been terminated from his last Federal position, and found that reason to be "certainly justifiable." ID at 11.

¶15 As explained above, in resolving questions of jurisdiction, the Board may not deny an appellant the right to a hearing by crediting the agency's interpretation of the evidence, nor may it weigh evidence to resolve the parties' conflicting assertions. *See Hessami*, 979 F.3d at 1369; *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). Thus, the administrative judge incorrectly relied on the deposition transcript and the agency's explanation for withdrawing the appellant's tentative job offer.[4] ID at 11. Accordingly, we modify the initial decision's analysis of the knowledge component of the knowledge/timing test, but we find, as set forth below, that a different outcome is not warranted.

---

[4] To the extent that the administrative judge also relied on the deposition testimony of other agency employees, ID at 10-11 & n.8, her reliance was similarly misplaced.

¶16     Absent consideration of the agency's evidence and argument, the appellant nonetheless failed to make a nonfrivolous allegation that the acting official had any knowledge of his FBI-related disclosures or activities. The appellant's assertions as to how this official may have learned of these disclosures or activities are entirely speculative and, therefore, insufficient. As set forth in the initial decision, the disclosures and activities occurred as much as 8 years before the rescission of the job offer and concerned the appellant's tenure at a completely different agency. ID at 11; *see Jones v. Department of the Treasury*, 99 M.S.P.R. 479, ¶¶ 7-8 (2005) (finding insufficient the appellant's speculation that an agency official may have learned of a protected disclosure that she made 11 years prior while working at a separate agency facility). Thus, although we modify the legal basis for the conclusion, we agree with the administrative judge that the appellant failed to make nonfrivolous allegations sufficient to satisfy the contributing factor criterion regarding the rescinding official's knowledge of the appellant's FBI-related protected disclosures or activities.

¶17     An appellant may also satisfy the knowledge/timing test by proving that the official taking the action had constructive knowledge of the protected disclosure, even if the official lacked actual knowledge. *Nasuti v. Department of State*, 120 M.S.P.R. 588, ¶ 7 (2014). An appellant may establish constructive knowledge by showing that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action. *Id.*

¶18     Here, the appellant asserted that an agency attorney had "looked [him] up" and discovered "protected activity regarding [his] 2012 termination (wrongful) from the FBI" as well as "information and articles" about him. IAF, Tab 20 at 18; *see* PFR File, Tab 5 at 7-8, 11, 15. Because the administrative judge did not consider these allegations, we supplement the analysis to consider this claim, finding that a different outcome is not warranted. The appellant's assertions that the attorney must have researched him and thereafter influenced the rescinding official again are entirely speculative. *See Jones*, 99 M.S.P.R. 479, ¶ 8.

Although the appellant argued otherwise, there is nothing inherently suspect or improper about the agency having asserted attorney-client privilege during discovery. *See Grimes v. Department of the Navy*, 99 M.S.P.R. 7, ¶ 6 (2005); *see also* 5 C.F.R. § 1201.72(b) (stating that discovery covers relevant, nonprivileged matters). Thus, we find that the appellant has failed to nonfrivolously allege that any of his remaining alleged protected disclosures or activities contributed to the rescission of his tentative job offer.[5]

¶19    Finally, the appellant's other arguments on review do not warrant a different outcome. The appellant has not identified which factual disputes the administrative judge allegedly improperly weighed or resolved, *see Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992), and we have found that the administrative judge's improper consideration of certain agency evidence and argument did not affect the outcome in this case. Other vague and general disagreements with the initial decision, PFR File, Tab 1 at 7, Tab 5 at 14-15, do not provide a basis to disturb the conclusion that the appellant did not make a nonfrivolous allegation of protected disclosures or activity that was a contributing factor in a personnel action. Any failure by the administrative judge to discuss all of the evidence of record does not mean that it was not considered in reaching the decision. *See Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Even assuming that the appellant exhausted before OSC his claim that the agency perceived him as a whistleblower, given the absence of a nonfrivolous allegation

---

[5] The Board has found that, if an appellant fails to prove contributing factor through the knowledge/timing test, it shall consider other evidence, such as the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the individuals taking the personnel action, and whether those individuals had a desire or motive to retaliate against the appellant. *Dorney*, 117 M.S.P.R. 480, ¶ 15. Here, the administrative judge implicitly considered such evidence but found that it did not satisfy the jurisdictional criterion. ID at 11-12. We have considered this evidence, as well as the appellant's allegations regarding the agency's attorney, but agree with the administrative judge that the appellant failed to nonfrivolously allege the contributing factor criterion based on this other evidence.

of actual or constructive knowledge of his disclosures or activity on the part of the acting official, the appellant failed to make a nonfrivolous allegation that the agency perceived him as a whistleblower. Because the appellant did not file a motion seeking the certification of an interlocutory appeal before the administrative judge, *see* 5 C.F.R. § 1201.93(a), he is precluded from doing so on review, *see Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Although the appellant claims that the administrative judge exhibited favoritism toward the agency, he has not shown that the administrative judge's comments or actions evidence a deep-seated favoritism or antagonism that would make fair judgment impossible. *See Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002).

¶20     Accordingly, we affirm the initial decision as modified, still dismissing the appellant's IRA appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Gina K. Grippando

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board
Washington, D.C.